COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
              Senior Judge Hodges


COX ENTERPRISES and
 BIRMINGHAM FIRE INSURANCE
 COMPANY OF PENNSYLVANIA

                                        MEMORANDUM OPINION*
v.    Record No. 0283-01-3                 PER CURIAM
                                          JUNE 19, 2001
TIMOTHY RASNAKE


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Douglas A. Seymour; Siciliano, Ellis, Dyer &
                Boccarosse, on brief), for appellants.

                (Barbara J. Balogh; Poindexter & Schorsch, on
                brief), for appellee.


      Cox Enterprises and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Timothy Rasnake (claimant) proved that he

sustained an injury by accident arising out of and in the course

of his employment on October 28, 1999.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

      On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Furthermore, it is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Claimant testified that he injured his back on October 28, 1999, when a chain broke while he was tightening it with a tie-down bar. As fact finder, the commission was entitled to accept claimant's testimony and to give little probative weight to the testimony of his co-workers, Jeffrey Stern and Phillip Hensley. Claimant's testimony constitutes credible evidence to support the commission's finding.

The commission articulated its reasons for giving little probative weight to the testimony of Stern and Hensley. Stern did not witness the incident, and his search for the broken chain occurred some time after claimant last used the truck and

-

one week after Stern was assigned the truck.  Claimant readily

acknowledged that he did not tell Hensley about the incident nor

was he required to report it to him.  Moreover, claimant's

fiancée, Deborah Rosen, testified that claimant called her on

October 29, 1999 and told her that he had injured his back when

a tie-down chain broke on the trailer.  Rosen, in turn, called

employer and told Desi Derra, a secretary for employer, the

details of the incident.  Rosen asked Derra to relay that

information to claimant's supervisor, Tom Miller.  When Rosen

spoke to Miller on November 2, 1999, Miller indicated that he

was already aware of the incident.

In addition, claimant's testimony was consistent with the

history he reported to Dr. Douglas Degan on November 22, 1999.

Dr. Degan's office notes indicate that the claimant "initially

injured his back while working on approximately 10/25/99.  He

fell from a truck trying to tie down some cars and a chain

broke."  As fact finder, the commission was entitled to weigh

the medical evidence and to conclude as follows:

> While [Dr. Degan's] initial report did not
> reflect a history of an injury on October
> 28, 1999, we note that the underlying
> medical visit occurred after Rosen had
> contacted the employer and reported the work
> injury.  Therefore, we find Dr. Degan's
> notation reflecting only the history of
> pain, which immediately preceded the visit
> to not be necessarily inconsistent with the
> claimant's testimony.

-

Because the commission's findings are supported by credible evidence, they are binding and conclusive upon us on appeal. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For these reasons, we affirm the commission's decision.

Affirmed.

–